## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**MARIUS AGBA ACHE**              **CASE NO.  6:20-CV-001320 SEC P**

**VERSUS**                        **JUDGE ROBERT R. SUMMERHAYS**

**DIANE WITTE, ET AL**            **MAGISTRATE JUDGE HANNA**

### ORDER

The instant Petition for Writ of Habeas Corpus was filed in this Court on October 8, 2020.  Rec. Doc. 1.  For the reasons set forth below, the claims of petitioners detained at Lasalle ICE Processing Center (LIPC) are severed from those claims of petitioners detained at Pine Prairie ICE Processing Center (PPIPC), and transferred to the Alexandria District of this Court.

### I.    Background

The petition presently before this Court was filed on behalf of the following immigration detainees, held at the following facilities at the time of filing:  Marius Agba Ache (PPIPC), Michael Atembeshu (PPICP), Albert Njenda Njomeni (PPICP), Stephen Oman (PPICP), Fogap Ivo Atemafac (LIPC), Bertrand Atenekara Awanaya (LIPC), Alien Castillo Gonzalez (LIPC), Priso Dalle Durchien (LIPC), Hyson Sama Moma (LIPC), Yannick Alpha Ndelela (LIPC), Paulinus Doh Ndungmbowo (LIPC), Erick Perez Carpio (LIPC) and Odlanier Reyes Mieres

(LIPC).  Rec. Doc. 1.  The petitioners, who allege that they are highly vulnerable to serious injury or death if they contract COVID-19, seek immediate release from detention due to their underlying medical conditions.  They further assert that conditions and treatment at PPIPC and LIPC have created dangerous situations that threaten their lives, as well as the well-being of staff, others in the surrounding community, and the general public.  While the petition comments on ICE's response to the Covid-19 pandemic in general, it hinges on specific allegations concerning the cleaning and disinfecting at each facility, the PPE (or lack thereof) at each facility for both inmates and staff, social distancing at each facility, and policies regarding transfer of detainees in and out of each facility. [Rec. Doc. 1, p. 25].

## II.     Law and Analysis

Under Fed. R. Civ. P. 21, the Court may *sua sponte* sever any claim against any party. Courts consider the following factors in determining whether to sever claims under Rule 21: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some commons questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance was granted; and (5) whether different witnesses and documentary proof are required for the separate claims.  *De La Cruz v. Cruz*, No. 3:14-CV-3846-D, 2015 U.S. Dist. LEXIS 176434 (N.D. Tex.

Dec. 21, 2015).  The trial court has broad discretion to sever issues to be tried before it.  *Brunet v. United Gas Pipeline Co*., 15 F.3d 500, 505 (5th Cir. 1994)          .

The Court finds that it appropriate to sever the claims of the petitioners detained at PPIPC, which arose in the Lafayette Division of this Court from those of the petitioners detained at LIPC, which arose in the Alexandria Division of this Court. While the claims of these two groups involve similar factual circumstances, they involve conduct by different defendants, at different correctional facilities.  The witnesses and documentary proof would change with respect to each facility and each defendant. *See Jones v. Wexford Health Sources, Inc.*, Civ. A. No. 19-00386, 2019 U.S. Dist. LEXIS 198484, 2019 WL 6080202, *2 (S.D. Ill. Nov. 15, 2019) (severing claims because "actions taken by different officials at different prisons do not constitute the same series of transactions and occurrences"); *Kokinda v. Penn. Dep't of Corr.,* 663 F. App'x 156, 158-59 (3d Cir. 2016) (affirming severance of claims related to the events occurring at different prisons).

The Fifth Circuit recognizes that when claims are severed, two separate actions are created. *See Allied Elevator, Inc. v. E. Tex. State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992) (stating that severance of claims pursuant to Federal Rule of Civil Procedure 21 "creates two separate actions or suits where previously there was but one"). As district court may *sua sponte* transfer a case to any other district or division where it might have been brought for the convenience of the parties and

3

witnesses, *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989), the claims of the petitioners detained at LIPC are severed and transferred to the Alexandria Division of this Court. The claims of the petitioners at PPIPC will remain in the Lafayette Division.

### III.   Conclusion

Therefore,

**IT IS ORDERED** that the claims of Fogap Ivo Atemafac, Bertrand Atenekara Awanaya, Alien Castillo Gonzalez, Priso Dalle Durchien, Hyson Sama Moma, Yannick, Alpha Ndelela, Paulinus Doh Ndungmbowo, Erick Perez Carpio and Odlanier Reyes Mieres LIPC are severed and transferred to the Alexandria Division of this Court.

THUS DONE in Chambers on this 21st day of October, 2020.

_____
**Patrick J. Hanna**
**United States Magistrate Judge**