# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **MARIUS AGBA ACHE ET AL** | **CASE NO. 6:20-CV-01320 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DIANE WITTE ET AL** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court is Petitioners' Motion for Limited Expedited Discovery (Rec. Doc. 3). Defendants oppose the Motion (Rec. Doc. 11), and Petitioners replied (Rec. Doc. 16). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is GRANTED.

## Factual Background

Petitioners, Marius Agba Ache, Albert Njenda Njomeni, and Stephen Oman, are detainees at Pine Prairie ICE Processing Center.[1] They filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 against officials with the United States Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security, and the Pine Prairie warden. Petitioners allege they "are highly vulnerable

---

[1] Petitioners also initially included several detainees at LaSalle ICE Processing Center; however, these claims were severed and transferred to the Alexandria Division. (Rec. Doc. 5). Further, since Petitioners filed this suit, Michael Atembeshu was released from Pine Prairie, such that his claims are now moot.

to serious injury or death" from COVID-19, and that Defendants have failed to comply with applicable COVID-19 guidelines from the Center for Disease Control (CDC). (Rec. Doc. 1). In the instant Motion, Petitioners seek an order authorizing an on-site inspection of the Pine Prairie facility by a correctional healthcare expert.

Defendants oppose the Motion on the grounds that Petitioners' request is premature, because the Court lacks subject matter jurisdiction, as argued in Defendants' separately filed Motion to Dismiss. (Rec. Doc. 10). Defendants further contend that Petitioners' request is overly burdensome and otherwise subject to an existing injunction imposed by the Central District of California in *Fraihat v. ICE, et al*, 445 F.Supp.3d 709 (C.D. Cal. 2020).

### Applicable Law

Habeas Rule 6, which governs discovery in §2254 claims, may be applied to habeas cases brought under other provisions, such as §2241. See Habeas Rule 1(b). See also *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004) ("There is no valid reason why the law should be different for discovery in a 28 U.S.C. § 2241 habeas case.")

Habeas Rule 6 provides in pertinent part:

**(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.[]

    **(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

SECT 2254 Rule 6

F.R.C.P. Rule 34(a)(2) permits a party to obtain inspection of land or property within the scope of F.R.C.P. Rule 26(b).

In support of their request for discovery in the form of an inspection of the Pine Prairie facility, Petitioners cite instances of the facility's alleged failure to comply with the CDC's Covid-19 guidelines, such as social distancing, masks, hygiene, cleaning, and testing. See Ache, Njomeni, and Oman affidavits at Rec. Doc. 3-5, 3-6, and 3-7, in which Petitioners detail alleged shortcomings. Petitioners further contend that ICE is not accurately reporting the number of positive cases at the Pine Prairie facility, and that ICE's alleged failures threaten Petitioners' health, because Petitioners suffer from certain conditions which render them high risk for severe illness or death from COVID-19.

Defendants urge the Court to deny the requested discovery, because the Court lacks jurisdiction, as set forth in their separately filed Motion to Dismiss. (Rec. Doc. 10). As shall be discussed in the Court's forthcoming Memorandum Ruling denying Defendants' Motion to Dismiss, the Court finds that jurisdiction exists under §2241, because Petitioners' claims challenge the duration of their confinement, a

permissible basis for challenge under §2241. See *Cheek v. Warden of Fed. Med. Ctr.,* No. 20-10712, 2020 WL 6938364, at *2 (5th Cir. Nov. 24, 2020) (unpublished).

Neither is the Court persuaded by Defendants' reliance upon the injunction currently governing ICE issued in *Fraihat*. Petitioners' primary complaint is that ICE has failed to comply with CDC guidelines and its own protocols. See *Fraihat v. U.S. Immigration & Customs Enf't*, No. EDCV191546JGBSHKX, 2020 WL 6541994, at *6 (C.D. Cal. Oct. 7, 2020). The requested inspection is a tool with which the parties may determine whether ICE is fulfilling its *Fraihat* obligations and otherwise complying with CDC guidelines.

Nor is the Court persuaded by Defendants' contention that the requested inspection would be overly burdensome. As Petitioners point out, the Pine Prairie facility is often subject to inspections pursuant to government regulations; although, the inspection at issue must be confined within scope of F.R.C.P. Rule 26(b): Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Like other district courts which have considered this issue,[2] the Court finds that Petitioners have shown good cause for the requested discovery. Specifically, the Court finds that Petitioners are entitled to have their corrections healthcare expert conduct an inspection of the Pine Prairie facility. If the parties are unable to agree on the parameters for the inspection, counsel shall contact the undersigned to schedule a telephone conference for the purpose of establishing the scope of the inspection.

## Conclusion

For the reasons discussed herein, Petitioners' Motion for Expedited Discovery is GRANTED.

THUS DONE in Chambers, Lafayette, Louisiana on this 16th day of December, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[2] See cases cited at Rec. Doc. 3-1, p. 16.